"Chief Justice K.ob’ert'son,
delivered the opinion of the'court.
This appeal Is prosecuted to reverse a -judgment in ejectment. The appellee derived his claim from James M’Cdhn 'and David M’Coun, by a purchase of a tract of land, including that in controversy, at sheriff’s sale, under a. fieri .facias against their estate.
The appellantrelies on a deed from the said M’Coun’s to him, executed prior to that of the sheriff to the ap-pellee, but after foe execution had been levied on the land, and in the interval between the levy and the sale. The appellant was, before and at the time of the levy, in possession, under an executory contract with the M’Coun’s for the title. There was no other proof of the title of J. and D. M’Coun, than that which may be inferred from their possession, by the appellant under them.
Although the appellant, ás he had obtained a conveyance, must be considered as holding adversely to the world, and therefore, might deny that .the M’Coun’s ever had a legal title, nevertneless, as his possession, by executory contract at the date of the levy, was, in contemplation of law, their possession, such possession was “pama facie” evidence of their title, and therefore, in the absence of opposing evidence, entitled the appellee to his judgment, unless his deed must be post poned to that of the appellant.
The deed of the appellant is prior in date, to that of the appellee; but the latter took effect, and vested the legal title, by relation, from the date of the levy; As a lien attached to the land, in consequence of the levy, the defendants in the execution had no legal title which they could convey to a stranger to the execution.
The legal title, therefore, has never been vested in the appellant; and consequently, his title is not prior or superior to that of the appellee.
■Daviess, for appellant; Denny, for appellee.
It therefore results, that the circuit court did not err in any of its decisions, in the progress of the trial, all of which are sustained by the principles just established.
This legal consequence is not affected by the fact, that the appellant held a pre-existing equity to the land. His remedy must be sought in a court oí equity.
Whether the appellee had, at the time of his purchase, notice, actual or constructive, of the appellant’s 'equity, cannot be material in a trial, involving the legal title only.
Nor is it material now, whether the execution issued regularly or irregularly to Franklin; as there is no proof that, if there was any such irregularity, the ap-pellee had any agency in producing it.
The foregoing summary view, comprehends the whole 'case. And therefore, particular notice will not be, taken of the various points, presented in different forms ;in the récord.
The judgment of the ciicuit courtis affirmed.